[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT 
On December 28, 2000, the plaintiff, Raymond Esposito as executor of the estate of Neil Esposito ("Esposito"), filed a three-count complaint against the defendants, Heather Specyalski ("Specyalski") and Mercedes-Benz Credit Corporation ("MBCC"), for damages sustained when a vehicle allegedly operated by Specyalski on October 30, 1999 veered off the highway and struck several trees. Neil Esposito, a passenger in the subject vehicle, died as the result of his injuries. The car driven by Specyalski was owned by MBCC and leased to Rubbish Removal of Hartford, Inc. ("Rubbish Removal"); Neil Esposito guaranteed payment of all amounts owed under the subject lease.[1]
MBCC filed an answer, special defenses and a counterclaim on January 22, 2001. Additionally, MBCC moved to implead Rubbish Removal as a third party defendant, which was granted by the court on February 5, 2001.
By motion dated March 22, 2001, Rubbish Removal moves this court for summary judgment as to MBCC's third party complaint. By motion of even date, the plaintiff moves for summary judgment as to MBCC's counterclaim. The counterclaim and third party complaint seek indemnification for any judgment which may be rendered against MBCC in favor of the plaintiff because of a certain provision in the lease agreement.[2] The plaintiff and Rubbish Removal claim that the subject provision obligates them, at most, to pay only the costs and expenses resulting from MBCC's exposure to claims relating to the vehicle. Judgments on such claims, it is argued, are not encompassed by the language of the indemnity clause. It is further argued, as an additional basis for the granting of the summary judgment motions, that the indemnification provision is unfair and oppressive because MBCC's losses will be covered by an insurance policy on the vehicle as well as MBCC's own insurance. The court heard oral argument on the motions for summary judgment on June 18, 2001.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary CT Page 10551 judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Citations omitted; internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995). "A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." Catz v. Rubenstein, 201 Conn. 39, 48, 513 A.2d 98
(1986), quoting from United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 379, 260 A.2d 596 (1969).
With respect to the moving parties' claim that the language of the indemnity provision provides only for costs and expenses resulting from MBCC's exposure to claims, thereby excluding the amounts actually awarded as judgments on those claims, the court must first determine whether the subject contractual language is clear and unambiguous. "Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact, . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. . . . It is the general rule that a contract is to be interpreted according to the intent expressed in its language and not by an. intent the court may believe existed in the minds of the parties. . . . When the intention conveyed by the terms of an agreement is clear and unambiguous, there is no room for construction. . . . [A] court cannot import into [an] agreement a different provision nor can the construction of the agreement be changed to vary the express limitations of its terms. . . . It is axiomatic that a party is entitled to rely upon its written contact as the final integration of its rights and duties." (Citations omitted; internal quotation marks omitted.) Levine v. Massey, 232 Conn. 272,277-279, 654 A.2d 737 (1992).
The court finds the subject provision to be clear and unambiguous. It provides that if MBCC is subjected "to any claims, losses, injuries, expenses, or costs related to the use, maintenance, or condition of the vehicle, [Rubbish Removal] will pay all of [MBCC's] resulting costs and expenses, including attorney's fees." The language is clear that MBCC is to be indemnified for all resulting costs and expenses. The terms "costs" and "expenses" are not defined, but the moving parties urge this court to CT Page 10552 exclude amounts awarded in judgments on the claims themselves. They argue that the language requires payment only of those costs, expenses and attorney's fees resulting from claims made against MBCC, but not the claims or judgments themselves. The indemnification provision, however, does not contain such language. MBCC is to be indemnified for all costs and expenses resulting from claims and losses related to the use of the vehicle; there is no limiting language to indicate that the claims or judgments themselves are excluded. The court, therefore, declines to accept the moving parties' interpretation of the indemnity clause.
With respect to the claim that the indemnity provision is unfair and oppressive because MBCC will be compensated for any losses related to the vehicle by other insurance policies then in effect, the court finds this issue to be fact-bound and not appropriate for resolution by way of a summary judgment. As previously noted, this case has been consolidated with the case of Heather Specyalski v. Raymond Esposito, et al., Docket No. X04-CV-0121876-S, in which it is alleged that Neil Esposito was the operator of the subject vehicle at the time of the incident on October 30, 1999. Whether the indemnity provision is unfair and oppressive may depend upon whether Neil Esposito or Heather Specyalski was driving tile vehicle that evening. It certainly will be a factor to be considered and that is an issue which is very much in dispute. If Neil Esposito was the driver, the case of Smith v. Mitsubishi Motors Credit of America, Inc.,247 Conn. 342, 721 A.2d 1187 (1998) would control. If Heather Specyalski was the driver, the court would undertake a different analysis.
It is important that all of the facts be developed during the trial before the issues now raised by the moving parties can be addressed. It is crucial to know the identity of the tortfeasor in order properly to apply the case law regarding unfair, oppressive or unconscionable contractual indemnification provisions. The issue of any potential double recovery, due to the existence of other insurance policies which may or may not cover the damages, can also be explored at that time.[3]
Conclusion
For the foregoing reasons, the court denies Rubbish Removal's motion for summary judgment as to MBCC's third party complaint and denies Raymond Esposito, Executor's motion for summary judgment as to MBCC's counterclaim.
Koletsky, J.